IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VICTOR ARROYO,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-06-0170 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **WARDEN LSCI ALLENWOOD,**[1] | : | |
| | : | |
| Respondents | : | |

## MEMORANDUM & ORDER

Petitioner Victor Arroyo filed a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 while he was an inmate at the Allenwood Low Security Correctional Institution ("LSCI Allenwood") in White Deer, Pennsylvania. He contends that the BOP erred in computing his sentence by failing to award him a credit against his federal sentence for time that already was credited to his state sentence. Specifically, he claims that because the federal sentence, imposed on October 10, 2001, was to run concurrently with his state sentence, imposed on July 18, 2000, the BOP should have set the commencement of his federal sentence on July

---

[1] Petitioner named Troy Williamson as Respondent. The only proper respondent in a habeas corpus action is the person having custody of the petitioner. *See* 28 U.S.C. §§ 2242 and 2243. In their response, Respondents indicate that Troy Williamson was not the warden of LSCI Allenwood, the institution where Petitioner then was confined. Accordingly, the Clerk of Court is directed to amend the caption of this case to reflect that the proper respondent is the Warden of LSCI Allenwood.

18, 2000 such that his federal sentence retroactively would have run concurrently with his state sentence.  As relief, he requests that this court direct the BOP to award him a credit against his federal sentence for the time period between July 18, 2000 and October 10, 2001 even though this time period already was credited toward his state sentence.  For the reasons set forth below, the petition will be dismissed as moot.

On January 11, 2000, Arroyo was arrested by state authorities in York County, Pennsylvania and charged with possession with intent to deliver cocaine and crack cocaine, criminal conspiracy to possess with intent to deliver cocaine and crack cocaine, and alteration or obliteration of marks of identification.  (Doc. 7-2, Declaration of Karen Gemberling, at 2 ¶ 6.)  On February 10, 2000, he again was arrested by York County state authorities and charged with delivery of cocaine, criminal conspiracy, and delivery of a controlled substance.  (*Id.*)  On July 18, 2000, Arroyo was sentenced to terms of imprisonment of five (5) to ten (10) years and eighteen (18) months to three (3) years on the respective aforementioned charges.  (*Id.*)  The state court directed that the sentences be served concurrently.  (*Id.*)  The Pennsylvania Department of Corrections awarded Arroyo a jail time credit of 162 days for the following time periods: January 11, 2000 to January 13, 2000, and February 10, 2000 to July 17, 2000.  (*Id.*)

On October 25, 2000, an indictment was filed in this court against Arroyo for possession of a firearm by a convicted felon. (*Id.* at 3 ¶ 7; *USA v. Arroyo*, No. 1:00-CR-00294.) On November 21, 2000, Arroyo was temporarily borrowed from Pennsylvania state custody on a federal writ *ad prosequendam.* (Doc. 7-2 at 3 ¶ 7.) On January 24, 2001, while in temporary federal custody, Arroyo pled guilty to possession of a firearm by a convicted felon, and this court accepted the plea. (*See USA v. Arroyo*, No. 1:00-CR-00294, Docs. 20-21.) On October 11, 2001, this court sentenced Arroyo to 110 months of imprisonment. (Doc. 7-2 at 8-9, copy of 10/11/2001 Judgment.) This court recommended "to the Bureau of Prisons that the SCI Frackville or any institution to which the defendant may be transferred, be designated as the place of confinement, thereby making this sentence concurrent with York County Cases 762CA2000 and 1504CA2000." (*Id.* at 9.)

Arroyo was returned to Pennsylvania state custody on October 11, 2001 after receiving his federal sentence. (*See USA v. Arroyo,* No. 1:00-CR-00294, Doc. 33.) On February 15, 2005, Arroyo was paroled from his Pennsylvania state sentence to a federal detainer. (Doc. 7-2 at 3 ¶ 8.)

On February 14, 2008, Arroyo filed an emergency motion for reduction of sentence under 18 U.S.C. § 3582(c). (*See USA v. Arroyo*, No. 1:00-CR-00294, Doc.

37.) In his motion, Arroyo sought a reduction of his sentence based on the United States Sentencing Commission's decision to retroactively apply Amendment 706, which reduces the applicable guideline range for crack cocaine offenses. *See* U.S.S.G. § 1B1.10(a)(1) and (c) (Policy Statement) (effective March 3, 2008).

On March 5, 2008, this court granted Arroyo's motion and reduced his sentence to time served, effective March 14, 2008. (*See USA v. Arroyo*, No. 1:00-CR-00294, Doc. 43.) The inmate locator tool on the BOP website indicates that Arroyo was released from BOP custody on March 14, 2008.[2] Because this court no longer can grant Arroyo's request in the instant petition to direct the BOP to award him a credit against his federal sentence for time already credited to his state sentence, the petition will be dismissed as moot.[3]

---

[2] *See* Federal Bureau of Prisons Inmate Locator, available at http://www.bop.gov/inmate_locator/index.jsp.

[3] Even if the petition were not moot, the court agrees with Respondent's argument that Arroyo is not entitled to a credit against his federal sentence for time that already was credited to his state sentence. It is clear that Arroyo's federal sentence began on October 11, 2001, the date it was imposed by this court. *See* 18 U.S.C. § 3585(a); *United States v. Labeille-Soto*, 163 F.3d 93, 98 (2d Cir. 1998) (the District Court was not permitted to direct that defendant's sentence commence before the date it was imposed). Moreover, a credit properly was awarded to Arroyo against his state sentence for the time period between July 18, 2000 and October 10, 2001, and it would be impermissible to award him a "double credit" against his federal sentence for this same time period. *See* 18 U.S.C. § 3585(b)(2); *United States v. Wilson*, 503 U.S. 329, 334-35 (1992) (defendant cannot receive double credit for his detention time); *Ruggiano v. Reish*, 307 F.3d 121, 125 n.1 (3d Cir. 2002) (time Ruggiano spent in federal custody pursuant to a writ *ad prosequendam* was properly credit toward his state sentence rather than his federal sentence).

**IT IS THEREFORE ORDERED THAT:**

1. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** as moot.

2. The Clerk of Court shall **CLOSE** this case.

3. There is no basis for the issuance of a certificate of appealability.

                                                 s/Sylvia H. Rambo
                                                 SYLVIA H. RAMBO
                                                 United States District Judge

Dated: October 14, 2008.